IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ASHLEY MACKEY,**

       Plaintiff,

vs.                                                                                                          No. CIV 09-023 JCH/WPL

**STAPLES, INC., et al.**

       Defendants.

## ORDER GRANTING ATTORNEYS' FEES AND COSTS

This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs, filed June 16, 2010 [Doc. 107]. The Court, having considered the motion, briefs, supporting documentation, and relevant law, and being otherwise fully informed, finds that the Motion for Attorneys' Fees and Costs should be GRANTED.

## BACKGROUND

This case arose from Plaintiff's complaint that she had been subject to severe sexual harassment by Defendant Turner, and that Defendant Staples failed to adequately investigate or respond to Turner's conduct. Through substantial discovery, Plaintiff's attorneys were able determine that, prior to the date Plaintiff began working for Staples, two other employees had made formal complaints to Staples alleging that Turner had engaged in acts of sexual harassment against them as well. These complaints that Plaintiff's attorneys uncovered contradicted Staples' assertion to the EEOC that it had never received a report of any inappropriate behavior by Turner.

Following eighteen months of sometimes contentious litigation, the parties settled the case through a lengthy mediated settlement conference on March 8, 2010. The settlement

provided that, in addition to Plaintiff's damages, Staples would also pay for reasonable attorneys' fees and recoverable costs and expenses, in an amount to be determined by the Court pursuant to a fee application. The settlement agreement capped the total amount of recoverable fees and expenses at $240,000. The amount of the settlement is confidential, but, pursuant to a provision in the settlement agreement, Plaintiff disclosed the amount of the settlement to the Court for *in camera* inspection in order to enable the Court to evaluate the degree to which Plaintiff's attorneys were successful.

To support their motion for attorneys' fees and costs, Plaintiff's attorneys submitted itemized billing records and expense reports, as well as affidavits demonstrating their wealth of experience in civil rights litigation and attesting to prevailing rates in the New Mexico legal market. *See* Doc. 107. Plaintiff's attorneys initially sought payment for 619.2 hours (349 hours for Richard Rosenstock and 270.2 hours for Daniel Yohalem) at a rate of $425 per hour and costs/expenses in the amount of $30,033.92. The fee sought includes time spent preparing the fee application, but does not include time spent preparing a reply to Staples' lengthy response.

## DISCUSSION

Once a determination is made that a party is entitled to recover its attorneys' fees and costs, the Court must determine the propriety and reasonableness of the sums requested in the fee motion. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The multiplication of the reasonable number of hours expended by the reasonable hourly rate is referred to as the "lodestar" method. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). Once calculated, the lodestar is presumptively valid as the amount of fees to be awarded. *Id*.

Staples filed a detailed response to Plaintiff's motion for fees and costs, containing numerous critiques of Plaintiff's methodology. As an initial matter, Staples contest Plaintiff's submission of a fee petition containing calculations that exceeded $240,000. Staples contends that the settlement agreement, which states that "[Plaintiff] may submit a fee petition to the [Court] in an amount not to exceed [$240,000], inclusive of all attorneys' fees and costs," means that any fee petition submitted by Plaintiff must not include a calculation that exceeds $240,000, and that any reduction in attorneys' fees or costs must be made from a starting point of $240,000. While the provision in the settlement provision is arguably ambiguous, the Court does not find that the agreement requires Plaintiff's attorneys to falsely reduce their time worked, to forego submitting valid expenses, or to advance an artificially low hourly rate. Instead, the Court believes that the agreement is correctly read to allow for a submission of an accurate record of time and expenses, with the award subject to a cap.

Staples also questions the use of two attorneys to litigate this case, including the attendance of both attorneys at depositions. However, time spent by two attorneys on a complex civil rights case is not necessarily duplicative. *See Lockard v. Pizza Hut*, 162 F.3d 1062, 1077 (10th Cir. 1998). Plaintiff's attorneys divided up the tasks that they undertook, and were up against a defense team consisting of more than two attorneys. Staples also contends that Plaintiff's attorneys should not be compensated for much of their travel time, because there is no evidence that they performed any work during that travel time and because Plaintiff chose attorneys who lived five hours from where the alleged incident occurred and most witnesses resided. Both of Plaintiff's attorneys have submitted affidavits attesting that they spent their travel time preparing for depositions or discussing case strategy with each other. *See* Pl. Reply [Doc. 114] at Ex. 2, ¶ 8; Ex. 3, ¶ 5. Not only did Plaintiff's attorneys apparently work during

3

this travel time, but the Court will not penalize attorneys who agree to take on civil rights cases in small rural communities far from a major city by refusing to compensate them for their travel time.

In addition, with an eye toward concerns about potential duplication and travel time, Plaintiff's attorneys have proposed to reduce their total hours sought by 5 percent.  *See* Doc. 114 at 9.  With this proposed reduction, the Court finds that the submitted documentation reflects hours reasonably expended in this case, given its complexity, the caliber of work involved, and the significant success achieved for the client.[1]  This amount of time is supported by the three affidavits filed by local attorneys with significant experience in civil rights trial work.  *See* Exs. 4 and 5, attached to Doc. 107; Ex. 1, attached to Doc. 114.  Thus, the Court will compensate Mr. Rosenstock for 331.6 hours and Mr. Yohalem for 256.7 hours (the hours initially sought with a five percent reduction).

Plaintiff's attorneys each seek $425 per hour.  Certainly, both are very experienced attorneys who have achieved significant success as civil rights litigators in New Mexico.  Both Mr. Rosenstock and Mr. Yohalem have practiced civil rights litigation for 37 years, and are among the most respected practitioners in their field in this district.  Mr. Rosenstock recently received a fee award at the rate of $675 per hour in a case in the Central District of California. *See Alarid v. Mailloux, et al.*, CV-08-7819 CAS (C.D. Cal. Aug. 2, 2010).  The most recent fee

---

[1] Staples also contends that Plaintiff's attorneys should not be able to recover fees associated with "block billing."  The term "block billing" refers to a time-keeping method in which an attorney "enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1285 n. 9 (10th Cir. 1995).  Billing statements, like those submitted by Plaintiff's attorneys, which "itemize[] what tasks [are] performed in the case on each day, with a total amount of time billed for each day" do not constitute "block billing."  *Id*. at 1285.

award he received prior to that was $265 per hour, almost ten years ago, which was at the top of the fee scale for New Mexico attorneys at the time.  *See Baldonado v. New Mexico State Highway Dept.*, 99cv366 JEC/LCS (D.N.M. Dec. 20, 2001).  Mr. Yohalem received $250 per hour over five years ago.  *See Hatten-Gonzalez v. Hyde*, 88cv385 JEC/ACT (D.N.M. Dec. 22, 2005).  This rate represented a voluntary reduction in Mr. Yohalem's usual hourly rate.  *See* Doc. 114, Ex. 3 at ¶ 13.  In support of their proposed fee, Plaintiff's attorneys have submitted affidavits from three experienced civil rights litigators who are familiar with their work and familiar with the New Mexico legal market.

The Court finds that both of Plaintiff's attorneys should be compensated at the upper end of the fee scale for New Mexico attorneys, based on their years of experience, the quality of work in this case, and the outcome they achieved for their client.  However, the Court believes that a rate of $350 per hour is more in keeping with the amounts awarded by other courts in this district for similarly qualified and successful attorneys.  *See, e.g., Hughes v. Martinez*, 09cv104 WJ/WPL (D.N.M. May 6, 2010) (awarding fee of $400 per hour to out of state attorney with 40 years of experience, with the explicit finding that such an amount was excessive by New Mexico standards, that it was approved only based on the sanctionable circumstances of the case, and that it was not to be considered precedent for raising prevailing rates)*; Costales v. Shultz, et al.*, 07cv827 MV/ACT (D.N.M. Feb. 18, 2009) (awarding fee of $350 per hour to Albuquerque attorney Randi McGinn); *Ellison v. GAB Robins, Inc.*, 02cv127 (D.N.M. Feb 2, 2006) MV/LFG (awarding fee of $350 to Albuquerque attorney Turner Branch).  Thus, Mr. Rosenstock and Mr. Yohalem will be awarded fees at the rate of $350 per hour.

Finally, with respect to the costs for which Plaintiff seeks reimbursement, Staples contends that Plaintiff should only be able to recover costs that are taxable under Fed. R. Civ. P.

54(d) and Local Rule 54.  Thus, Staples seeks a reduction of $18,411.54, which is primarily comprised of expert witness fees and travel expenses.  Staples acknowledges that additional costs, such as expert witness fees, are available to a prevailing party in a civil rights case such as this, pursuant to 42 U.S.C. § 2000-e-5(k).  However, it contends that, because the case settled rather than proceeding to trial, Plaintiff is not a prevailing party.  This contention misreads the law.  Tenth Circuit precedent has long provided that a court's decision on the merits is not required for a plaintiff to recover fees and costs as a prevailing party.  *See, e.g., Chicano Police Officer's Assoc. v. Stover*, 624 F.2d 127, 131 (10th Cir. 1980) ("if a settlement provides some benefit to plaintiffs or a vindication of their rights, then the congressional intent to encourage private enforcement of civil rights...will be furthered by the awarding of fees...as long as plaintiffs have received substantial benefits."  In this case, Plaintiff received a substantial benefit as a result of her suit, and she is a prevailing party.

Moreover, the settlement agreement expressly provides for the recovery of "all attorney's fees and costs."  Staples contends that "the parties did not contemplate including [costs allowable under the civil rights attorneys' fees provision] in their settlement."  Doc. 110 at 21.  If so, this should have been clarified in the settlement agreement.  Mr. Rosenstock has submitted an affidavit that indicates that, after the mediation that resulted in a settlement in principle, Staples included a provision in a draft settlement agreement that would have limited costs to those recoverable under Rule 54.  *See* Doc. 114, Ex. 2 at ¶ 16.  Plaintiff insisted that the proposed restriction be removed, and it was taken out of the final agreement.  *See id*.  Staples has offered nothing to contradict this.  Thus, under the settlement agreement, all allowable fees and costs, including expert witness fees, are recoverable.  Plaintiff may recover non-taxable costs as attorneys' fees if they are normally billed to a client and are reasonable.  *See Bee v. Greaves*, 910

F.2d 686, 690 (10th Cir. 1990). In the District of New Mexico, travel costs are normally billed to a fee-paying client, and will be allowed in this case. *See Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997).

Plaintiff initially sought $30,033.92 in costs and expenses. In reviewing his records, Mr. Yohalem realized that he had inadvertently duplicated a $509.00 travel charge, and he seeks to reduce the amount requested by that amount. *See* Doc. 114 at 24. The Court will also reduce recoverable costs by $80, the amount which Plaintiff paid to serve her complaint on Defendant Turner, who was not represented by Staples. Thus, Plaintiff may recover $29,444.92 in costs and expenses.

Mr. Rosenstock is entitled to recover for 331.6 hours at a rate of $350 per hour, for a total of $116,060. Mr. Yohalem is entitled to recover for 256.7 hours at a rate of $350 per hour, for a total of $89,845. Gross receipts tax on these fees, at a rate of 8.0625 percent, adds $16,601.09 to the total. In addition, Plaintiff is entitled to recover $29,444.92 in costs and expenses. All of these recoverable fees, taxes, costs, and expenses add up to $251,951.01. Because this exceeds the cap agreed to in the settlement agreement, Plaintiff will be limited to a recovery of $240,000.00.

## CONCLUSION

**IT THEREFORE IS ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs [Doc. 107] is hereby **GRANTED**. Plaintiff is awarded a total of $240,000.00 in attorneys' fees, New Mexico gross receipts taxes, and costs.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE